1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

**GARY FISHER,**

                              Petitioner,

         **v.**

**ARRESTING AGENT, et al.,**

                              Respondents.

Case No. 1:14-cv-00644 MJS (HC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**

**AMENDED PETITION DUE WITHIN THIRTY (30) DAYS**

19
20
21
22
23
24

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

        Petitioner filed the instant petition for writ of habeas corpus on March 11, 2014. (Pet., ECF No. 1.)  In the petition Petitioner sets forth that he was convicted in Kern County.  However, the Court is unable to discern the bases, if any, for his legal challenges to his conviction. (Id.)

25

**I.        DISCUSSION**

26

        **A.        Procedural Grounds for Summary Dismissal**

27

        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

28

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.    Petitioner's Claims**

Petitioner presents two claims in his petition. Claim one in its entirety reads:

> Ask yourself Judge – How much alcohol could I drink in that timeframe? Did not have even A-5-B alcohol terms on my parole for this chum to ever stop, and violently be an asshole!

(Pet., ECF No. 1.) Petitioner's second claim states:

> I was smoking a cigarette 20 minute till the bus arrived. Did this guy just talk to some rouge agents? He had either serious issue with me, or didn't get layed nite before. Even a good agent, after serving the time I did, want to drink a cold beer, now come on, what is the agenda concerning me anyway?

(Id.)

The Court finds that Petitioner's statements in his Petition are insufficiently specific to enable Respondent to properly respond to Petitioner's claims. The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases. Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground; the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). This is because the purpose

1   of the rules is to assist the district court in determining whether the respondent should

2   be ordered to show cause why the writ should not be granted and to permit the filing of

3   an answer that satisfies the requirement that it address the allegations in the petition.

4   Mayle, 545 U.S. at 655. Allegations in a petition that are vague, conclusional, or palpably

5   incredible, and that are unsupported by a statement of specific facts, are insufficient to

6   warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-

7   05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

8          Petitioner does not specify the conviction he is challenging or what federal law

9   was violated by Respondent. Without more, Respondent is not reasonably expected to

10  respond to Petitioner's claims.

11         A petition for habeas corpus should not be dismissed without leave to amend

12  unless it appears that no tenable claim for relief can be pleaded were such leave

13  granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Accordingly, the Court shall

14  provide Petitioner another opportunity to state his claims in a second amended petition.

15  The Court shall provide Petitioner a blank petition for writ of habeas corpus, and

16  Petitioner is advised that he must reference the instant case number and designate his

17  petition as an "Amended Petition." Petitioner must present his claims in sufficient detail

18  as to provide Respondent the ability to comprehend and respond with reasonable effort.

19  **II.     ORDER**

20         Accordingly, it is HEREBY ORDERED that:

21  1.     Petitioner is GRANTED thirty (30) days from the date of service of this Order to

22         SUBMIT an AMENDED PETITION.  The amended petition should be clearly and

23         boldly titled "AMENDED PETITION," contain the appropriate case number, and be

24         an original signed under penalty of perjury;

25  2.     The Clerk of Court is DIRECTED to send Petitioner a blank form petition for

26         Petitioner's filing pursuant to 28 U.S.C. § 2254; and,

27  3.     Petitioner is forewarned that his failure to comply with this order may result in a

28

3

1    Recommendation that the petition be dismissed pursuant to Local Rule 110.

2

3    IT IS SO ORDERED.

4        Dated:   May 12, 2014                        /s/ *Michael J. Seng*

5                                          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28